UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

D. TAYLOR, *et al.*,

            Plaintiffs,

v.

DAN K. SHAW, *et al.*,

            Defendants.

2:04-cv-01668-LDG-LRL

**ORDER**

Before the court is plaintiffs' Emergency Motion for Protective Order (#81), defendant Dan K. Shaw's Opposition (#96)[1], and plaintiffs' Reply (#109)[2]; and Dan K. Shaw's Motion to Compel (#96), plaintiffs' Opposition (#109) and Shaw's Reply (#119). Both Motions relate to the noticed depositions of the persons most knowledgeable from the Hotel Employees and Restaurant Employees International Union Welfare Fund and from the Southern Nevada Culinary and Bartenders Pension Trust (collectively "PMK"). Shaw seeks to take the PMK depositions and plaintiffs seek to preclude them.

Shaw's 30(b)(6) Notice of Deposition required plaintiffs to produce the PMK concerning the supporting facts or basis for twenty-five of the allegations made in plaintiffs' Amended Complaint (#57) and Motion for Order Requiring Disclosure of Labor and Wage Information (#69). (*See* Notices of Deposition, Mot. (#81) Ex. A.)

A party opposing discovery may file a motion seeking a protective order which may be granted, upon a showing of good cause, in order to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The law confers "broad discretion on the trial court to decide

---

[1] This document should have been filed as two separate entries.

[2] This document should have been filed as two separate entries.

when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 38 (1984)). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210–11 (citations omitted).

**I. The Noticed Depositions Are Proper under F.R.Civ.P. 30(b)(6)**

Plaintiffs argue that the depositions are improper under Rule 30(b)(6) because they are not aware of any individual who may properly testify on their behalf. This, they assert, is because all of the designated deposition topics relate to the internal operations and control of corporations VSS and SSV. Therefore, to comply with the Notices the PMK would need to educate themselves regarding all of the facts and information regarding the operations of VSS and SSV. This would require the PMK to become familiar with thousands of pages of documents, which, in plaintiffs' view, would be unreasonably burdensome.

> Rule 30(b)(6) explicitly requires [an organization] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires person to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition .... The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business ....

*United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996). Plaintiffs are therefore obligated to produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics with respect to any and all facts known to it or its counsel. *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) (citing *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 173 (D.D.C. 2003)). For these reasons, plaintiffs will be required to produce the appropriate 30(b)(6) witnesses.

Plaintiffs also contend that "it is unclear if Rule 30(b)(6) even applies to an entity such as a Trust." (Mo. (#81) at 7.) Plaintiffs assert only that "[a] trust is not a public or private corporation, partnership, governmental agency, or other similar association," and has no officers, directors, or

2

managing agents. *Id.* Plaintiffs cite no authority for the proposition that the trusts are not organizations subject to Rule 30(b)(6), and the court finds that they are.

**II. Rule 30(b)(6) Permits the Deposition of a Person Most Knowledgeable Regardless of Whether that Individual Has Been Previously Deposed as a Fact Witness**

Plaintiffs argue that the noticed depositions are impermissible because Shaw has already deposed the individuals in the control of the Pension Trust or Welfare Fund who have any knowledge regarding any of the facts or circumstances involved in this case.[3] (Mot. (#81) at 5 (citing Fed. R. Civ. P. 30(a)(2)(B)).) Shaw responds that plaintiffs' position is contradictory to the plain language of Rule 30(b)(6) and the cases interpreting that rule.

Rule 30(b)(6) expressly provides that "[t]his subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules." A deposition of an individual and a deposition of the same person as a representative of the organization are two distinct matters. Rule 30 allows depositions of a witness in his individual capacity and in an organizational capacity because the depositions serve distinct purposes and impose different obligations. *See United States v. Taylor*, *supra*, 166 F.R.D. at 361 (distinguishing a designated witness speaking for the corporation from that of an employee whose testimony is not considered that of the corporation).

**III. Shaw Does Not Seek Privileged Information**

Plaintiffs seek a protective order because the noticed depositions would effectively result in the deposition of plaintiffs' attorneys through another person. This is so, plaintiffs argue, because Shaw's request seeks the basis of plaintiffs' contentions. This, they claim, necessarily calls for legal opinions that are protected by the work product and attorney-client privileges. Plaintiffs assert that these privileges apply when information outside that of the organizational party is required to respond to the designated topics. (Reply (#109) at 5 (citing *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651,

---

[3] Plaintiffs cite *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001), to support their position. This case has no bearing on the instant matter as that case addressed whether a corporate entity could be deposed for a second time under Rule 30(b)(6), without leave of the court.

654 (D. Kan. 1996)).)

Shaw responds that the plaintiffs have mischaracterized the deposition notices. The notices, he argues, request plaintiffs to produce a PMK with respect to "supporting facts or basis" for various factual allegations in plaintiffs' Amended Complaint and motion work. Shaw contends the knowledge they are requesting is not, as plaintiffs argue, beyond that of the organizational party.

"The attorney-client privilege does not prevent the disclosure [of] facts communicated to an attorney, and the work product doctrine does not prevent the disclosure of facts communicated by an attorney to a client that the attorney obtained from independent sources." *United States Equal Employment Opportunity Comm'n v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 433 (D. Nev. 2006) (citations omitted). Lower courts seem to agree that the attorney-client privilege does not preclude a Rule30(b)(6) deposition concerning the facts underlying a party's allegations. *Id.*; *see also Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981) (finding that the attorney-client privilege does not preclude disclosure of factual information and that the privilege does not protect facts communicated to an attorney). The lower courts are split, however, over whether the work product doctrine prevents Rule 30(b)(6) deposition questions pertaining to the facts supporting a party's contentions. *Id.* (comparing *Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 282–83 (D. Neb. 1989) with *Am. Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995)).

Generally, under Rule 26(b)(3) the work product doctrine protects "mental impressions, conclusions, opinions, or legal theories of an attorney . . . ." *See Hydramar, Inc. v. General Dynamics Corp.*, 119 F.R.D. 367, 372 (E.D. Pa. 1988) ("The work product doctrine does in a very limited way operate to circumscribe the scope of depositions upon oral examination."). Thus, the work product privilege is not implicated unless the inquiring party asks the organizational deponent questions which improperly tend to elicit the mental impressions of the parties' attorneys. *Protective Nat'l Ins. Co. of Omaha*, 137 F.R.D. at 279. Here, the work product privilege will not be implicated because the court fully expects Shaw to honor his representation that he has no intention of exploring any matters

4

protected by plaintiffs' work product privilege.  (Reply (#119) at 3.)

Additionally, the court finds that Shaw is not attempting to depose plaintiffs' counsel directly or indirectly.  Only the factual bases for plaintiffs' allegations are the topics of the deposition; information beyond that of the organizational plaintiffs is not being sought.

**IV.  The Depositions Are Not Unduly Burdensome, Cumulative, Duplicative, or Oppressive**

Plaintiffs argue the factual discovery that Shaw seeks through the instant Rule 30(b)(6) depositions is readily obtainable through the witnesses whom Shaw has already deposed and to whom he has previously propounded written discovery.  Plaintiffs also claim that deposing these witnesses in the context of a 30(b)(6) will not provide any different answers than the witnesses provided during their fact depositions.  Thus, plaintiffs argue, they are not required to have counsel "marshal all of its factual proof," especially where the information is discoverable by other means and the responding party has offered to provide a summary of the underlying facts. (Mot. (#81) at 8–9 (citing as example *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996)).)

Shaw argues that his deposition notices are not duplicative of his written discovery requests. And, he argues, although the discovery may be similar, he is entitled to explore the organizations' positions and knowledge on the designated subject areas.  He further argues that plaintiffs' position is based on the false premise that plaintiffs provided adequate responses to Shaw's written discovery requests.  And, moreover, the responses he has received are inconsistent.

This court has already rejected the argument that prior deposition testimony from individual fact witnesses relieves an organization from designating an organizational spokesperson in response to a Rule 30(b)(6) notice of deposition.  *See supra* Part I.  Moreover, plaintiffs have not offered to provide a summary of the facts, while defendants state that the factual discovery they have received has been inconsistent.

The court finds that the plaintiffs have not met their burden of establishing that the areas of examination are so burdensome, cumulative, duplicative, or oppressive so as to justify a denial of Shaw's choice of discovery methods under Rule 26(a)(5).  *See Sec. Ins. Co. v. Trustmark Ins. Co.*, 218

5

F.R.D. 29, 34 (D. Conn. 1993) (citation omitted) (stating nothing precludes a deposition either in lieu of or in conjunction with written discovery).

**V. Conclusion**

The areas of examination in dispute are relevant and discoverable within the meaning of Rule 26(b). Plaintiffs have not met their burden of establishing good cause for the issuance of a protective order precluding the 30(b)(6) deposition, or depositions. The court will hold Shaw to his representation that counsel will not ask questions that probe the mental impressions and thought processes of counsel.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Emergency Motion for Protective Order (#81) is DENIED.

IT IS FURTHER ORDERED that Dan K. Shaw's Motion to Compel the Depositions of the Persons Most Knowledgeable at (1) The Hotel Employees and Restaurant Employees International Union Welfare Fund and (2) The Southern Nevada Culinary and Bartenders Pension Trust (#96) is GRANTED.

DATED this 5th day of March, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**