CHRISTENSEN JAMES & MARTIN
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
DARYL E. MARTIN, ESQ.
Nevada Bar No. 006735
7440 W. Sahara Ave.
Las Vegas, NV 89117
(702) 255-1718
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, by and through Bill Ward and Thomas Zumtobel, its Fiduciaries; THE SOUTHERN NEVADA CULINARY AND BARTENDERS PENSION TRUST, by and through Rocco Calabrese, its Fiduciary,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL VILLAMOR,<br><br>Defendant. | Case No. CV-S-04-01668-LDG-LRL<br><br>**JUDGMENT BY CONFESSION** |

Pursuant to the express Stipulation for Entry of Judgment by Confession between the parties hereto, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Hotel Employees and Restaurant Employees International Union Welfare Fund, and the Southern Nevada Culinary and Bartenders Pension Trust (hereinafter "Plaintiffs" or "Trusts") shall take Judgment by Confession against the Defendant Michael Villamor, for the sum of One Hundred Thousand Dollars ($100,000.00) ("Judgment Amount"). The Judgment Amount is subject to increase pursuant to paragraph 9, below.

2. The Judgment Amount shall be paid to Plaintiffs as third-party beneficiaries pursuant to the terms of a written collective bargaining agreement, to which VSS Enterprises, LLC became a party, and under which Plaintiffs brought suit against Defendant pursuant to the provisions of the Employee Retirement Income Security Act of 1974, as amended, to collect certain unpaid employee

benefit contributions, all as alleged in Case No. 2:04-CV-01668-LDG-LRL pending before the United States District Court for the District of Nevada on the date Defendant signs this Judgment. Defendant knowingly agrees to entry of this Judgment notwithstanding the fact that Defendant is technically not a party to the above-referenced collective bargaining agreement. Under the terms of a separate Settlement Agreement, Release, Guaranty, Irrevocable Assignment and Non-Dischargeability Agreement executed by the parties, the Judgment Amount includes all amounts and all forms of money damages owed by Defendant to Plaintiffs.

    3. The Judgment Amount shall be paid to Plaintiffs, in care of their counsel, by Defendant, as follows:

    A. The entire Judgment Amount shall be paid to Plaintiffs no later than June 1, 2014 through a series of seventy-two (72) monthly payments, as follows:

    B. Defendant's first payment shall be made on or before July 1, 2008 in the sum of Four Hundred Sixty-Six and 67/100 Dollars ($466.67).

    C. Defendant shall thereafter remit five (5) additional monthly payments, each in the sum of Four Hundred Sixty-Six and 67/100 Dollars ($466.67), each of which shall be due on or before the 1st day of each successive calendar month (August 2008 through and including December 2008).

    D. Defendant shall thereafter remit eighteen (18) additional monthly payments, each in the sum of One Thousand Dollars ($1,000.00), each of which shall be due on or before the 1st day of each successive calendar month (January 2009 through and including June 2010).

    E. Defendant shall thereafter remit twenty-four (24) additional monthly payments, each in the sum of One Thousand Four Hundred Dollars ($1,400.00), each of which shall be due on or before the 1st day of each successive calendar month (July 2010 through and including June 2012).

    F. Defendant shall thereafter remit twenty-four (24) additional monthly payments, each in the sum of One Thousand Nine Hundred Dollars ($1,900.00), each of which shall be due on or before the 1st day of each

Case 2:04-cv-01668-LDG-LRL Document 227 Filed 06/29/10 Page 3 of 6

successive calendar month (July 2012 through and including June 2014).

G. Upon Plaintiffs' receipt and negotiation of payment of the entire Judgment, Amount this obligation will have been satisfied and upon receipt of a request therefor Plaintiffs shall deliver to Defendant a written Release and Satisfaction of Claims.

H. On or before August 1, 2008 and again on or before each successive June 1 and December 1 thereafter (while any portion of the Judgment Amount remains unpaid) Defendant shall submit to Plaintiffs, in care of their attorney, a current financial status report containing such information as may reasonably be required by Plaintiff regarding Defendant's income, Defendant's spouse's income, and the status of the income, assets, and holdings of all businesses, entities, partnerships, or other organizations in which Defendant and/or his spouse (or either of them) hold (directly or through other persons or entities) any legal or beneficial interest.

4. Defendant shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring any prepayment penalty.

5. Filing of and execution on the Stipulation for Entry of Judgment by Confession and this Judgment by Confession shall be stayed through June 1, 2014, provided that Defendant fully and timely complies with the terms of paragraph three (3), above, or timely cures any default(s) under the terms of paragraph eight (8).

6. The payments required herein shall be made payable to "Christensen James & Martin Special Client Trust Account" or such other name(s) as Defendant is notified in writing, and shall be remitted to Plaintiffs' attorney, Daryl E. Martin, Esq. of Christensen James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as Defendant is notified in writing. Plaintiffs shall endeavor to accept a single joint check each month, but Defendant agrees that should he be so directed in writing by Plaintiffs or their representatives, Defendant shall thereafter submit multiple checks each month (in a total aggregate amount not to exceed the applicable monthly amounts due, as stated in paragraph 3, above). Should any of Defendant's payments be returned for

insufficient funds, all subsequent payments (including any replacement payment) shall be made using cashier's checks or money orders.

      7.    Defendant shall forthwith execute and submit the following documents to Plaintiffs' attorney:

         A.    Stipulation For Entry of Judgment by Confession;

         B.    this Judgment by Confession;

         C.    Settlement Agreement, Release, Guaranty, Irrevocable Assignment and Non-Dischargeability Agreement;

         D.    Personal Guaranty executed by Defendant's spouse, Mary Villamor;

      8.    Should Defendant fail to satisfy any of the conditions in paragraphs (2), (3), (4), (5), (6), or (7), written Notice of such default shall immediately be delivered to Terry L. Hutchinson, Esq., 368 E. Riverside Dr., St. George, UT 84790, and to Michael and Mary Villamor, ADDRESS, St. George, UT 84XXX. If Defendant thereafter fails to make the required payment(s) or otherwise fails to comply with the conditions of paragraphs (2), (3), (4), (5), (6), or (7) within ten (10) days of the date of mailing of such Notice, Plaintiffs shall have the unconditional and immediate right to file the Stipulation for Entry of Judgment by Confession and this Judgment by Confession with the U.S. District Court or any other court of competent jurisdiction within the State of Nevada, and may execute upon the same for whatever amount then remains due and owing, including after-accruing attorneys' fees incurred by Plaintiffs in connection with monitoring and processing Defendant's payments hereunder, without further notice to Defendant or Order from the Court. The Judgment balance shall be increased by the sum of one hundred fifty dollars ($150) for each Notice of Default properly sent to Defendant, and any such Judgment balance increases shall be paid on the next payment due date following the date on which all such Notices of Default are sent.

      9.    In the event of Defendant's default and failure to timely cure after Notice of Default duly given, the Judgment Amount shall be increased to the sum of Four Hundred Thousand Dollars ($400,000.00), less all payments made by Defendant hereunder, and Plaintiffs shall also be entitled to recover from Defendant, and all post-default court costs and all post-default attorneys fees incurred by Plaintiffs.

10. Plaintiffs' Release and Satisfaction of Claims in favor of Defendant shall not be executed nor delivered until all of Defendant's obligations under this Judgment have been fully performed.

11. Defendant has consulted the attorneys of his choice and fully understands the obligations and consequences of this Judgment.

12. As more specifically stated in the Settlement Agreement, Release, Guaranty, Irrevocable Assignment and Non-Dischargeability Agreement executed contemporaneously herewith, Defendant acknowledges and agrees that to the maximum extent permitted by law the debts encompassed by and included in this Judgment shall not be dischargeable in bankruptcy.

DATED and done this 29 day of June, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE

Approved as to Form and Content:

By: _____  Dated: June 30, 2008
Michael Villamor, Defendant

Notary Public
REBECCA R COLLET
1240 E 100 S #9
SAINT GEORGE, Utah 84790
My Commission Expires
March, 19 2009
STATE OF UTAH

Subscribed and Sworn before me this 30 day of June, 2008.

_____
Notary Public

Approved as to Form and Content:

By: _____  Dated: June 30, 2008
Terry L. Hutchinson, Esq.
Attorney for Defendant

Approved and Submitted by:

Christensen James & Martin

By: _____  Dated: June 28, 2010
Daryl E. Martin, Esq.
Attorneys for Plaintiffs

## OATH AND VERIFICATION

STATE OF _____ )
                        : ss.
COUNTY OF _____ )

Michael Villamor now verifies and declares under penalty of perjury under the laws of the United States of America, and the laws of the State of Nevada, and, if executed outside the State of Nevada, under the laws of the state where this verification is executed, that:

1.  Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2.  The money due and owing and the basis for said Judgment by Confession are accurately set forth in the Stipulation for Entry of Judgment by Confession and this Judgment by Confession.

Further your affiant sayeth naught.

_____
Michael Villamor

Subscribed and Sworn before me
this **30th** day of **June**, 2008.

_Rebecca R Collet_
Notary Public

[Notary Seal: REBECCA R COLLET, 1240 E 100 S #9, SAINT GEORGE, Utah 84790, My Commission Expires March, 18 2009, STATE OF UTAH]